UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANTONIO HEWITT                                              CASE NO.: 2:19-cv-00778

    Plaintiff,

v.

FOREST UTILITIES, INC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff, ANTONIO HEWITT, through his counsel, Derek Smith Law Group, PLLC, hereby complains of the Defendant; FOREST UTILITIES, INC., and alleges as follows:

## NATURE OF THE CASE

1. This is an action for relief from violations of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"). and seeks damages to redress the injuries Plaintiff suffered as a result of being exposed to hostile work environment, race discrimination, retaliation, and unlawful termination.

2. This action is to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination against Plaintiff with regards to his employment on the basis of race and color, hostile work environment predicated on racial discrimination, employer retaliation as a result of Plaintiff's opposition to unlawful discrimination, and Defendant's

wrongful termination of Plaintiff on the basis of Plaintiff's opposition to aforementioned unlawful practices.

## JURISDICTION AND VENUE

3. This is an action for monetary damages and injunctive relief pursuant to 42 U.S.C. § 1981 ("Section 1981").

4. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under 42 U.S.C. § 1981.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because Defendant was located in this judicial district, and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## PARTIES

6. Plaintiff ANTONIO HEWITT ("HEWITT") is an individual man of African-American race.

7. At all times relevant to this Complaint, Plaintiff was employed by Defendant as a Plant Operator.

8. Defendant FOREST UTILITIES, INC. ("FOREST UTILITIES") is a for profit corporation, existing by the virtues and laws of the State of Florida.

9. At all material times, FOREST UTILITIES is a Sewerage System facility, located and operated in Fort Myers, Florida.

10. Defendant WADE MOSER ("MOSER") a Caucasian male, is an adult individual, resident of the State of Florida, and the General Manager of FOREST UTILITIES.

11. At all material times, MOSER controlled many of the tangible aspects of Plaintiff's job duties, including holding the power to fire Plaintiff.

2

12. Defendant DAVID SWOR("SWOR") a Caucasian male, is an adult individual, resident of the State of Florida, and an Owner and Manager of FOREST UTILITIES.

13. At all material times, SWOR controlled many of the tangible aspects of Plaintiff's job duties, including holding the power to fire the Plaintiff.

14. At all times relevant to this Complaint, FOREST UTILITIES meet the definition of an "employer" under all applicable state and local statutes.

## STATEMENT OF FACTS

15. In or around September 2013, FOREST UTILITIES hired Plaintiff as a Plant operator.

16. Plaintiff's job duties included checking the gages for wastewater tanks, collecting water samples, taking water samples to the laboratory, and general maintenance of the facility.

17. At all material times, MOSER and SWOR treated Plaintiff differently than they did Caucasian employees and other non-African Americans.

18. Throughout Plaintiff's employment at FOREST UTILITIES, Plaintiff was subjected to degradation, humiliation and disparate treatment on account of his race.

19. In or around February of 2014, MOSER stated to Plaintiff "SO YOU TRYING TO BE ONE OF THEM SMART ONES, HUH, YOU ONE OF THEM UPPITY NIGGERS."

20. Plaintiff verbally complained to SWOR about the humiliating treatment from MOSER, and specifically about being called a "NIGGER" by MOSER. SWOR did not take any corrective or disciplinary action against MOSER, and further allowed MOSER's discriminatory treatment of Plaintiff to continue.

21. Shortly after complaining to SWOR, Plaintiff was threatened by MOSER, "YOU BETTER NEVER GO BACK UPSTAIRS ABOUT ME AGAIN."

22. MOSER retaliated against Plaintiff for his complaint to SWOR by suspending Plaintiff without any stated reason for an entire week.

23. In or around November of 2015, Plaintiff informed MOSER that FOREST UTILITIES was not compliant with its responsibilities to the Department of Environmental Protection (hereinafter referred to as "DEP").  Plaintiff further advised MOSER that proper equipment was needed to operate as an effective Sewerage facility.  MOSER refused to purchase new equipment and went on to tell Plaintiff "YOU ARE A STUPID MOTHER FUCKER."

24. Plaintiff routinely worked inside the office as well as outside in the "field" when collecting samples, fixing or replacing pumps, or doing general maintenance.

25.  After Plaintiff's complaint to SWOR, MOSER would constantly assign Plaintiff to work on tedious jobs outside in the harsh heat by himself as punishment.

26. Plaintiff was routinely given tasks not associated with his job duties by MOSER in an attempt to frustrate and humiliate Plaintiff.

27. Plaintiff was told by coworkers that MOSER had stated to said coworkers in reference to Plaintiff being assigned to work outside in harsh heat temperatures, that "SLAVES BELONG OUT IN THE SUN."

28. In or around February 2016, MOSER called Plaintiff a "STUPID NIGGER". Plaintiff reported this incident to SWOR. Again, the matter was not addressed.

29. At all material times, the Defendant did not use degrading and discriminatory language to non-African Americans.

30. At all material times,  the Defendant did not engage in degrading and discriminatory conduct in the work place with respect to non-African Americans.

31. In or around June 2016, MOSER referred to Plaintiff as a "SIMPLE MINDED IDIOT" because of a minor work-related issue.

32. Plaintiff made several complaints to SWOR about MOSER being constantly intoxicated at work, which increased his hostility toward Plaintiff. SWOR did not take any corrective action.

33. In or around January 2019, Plaintiff again informed MOSER that FOREST UTILITIES needed to purchase equipment in order to comply with DEP standards. Plaintiff also told MOSER that safety issues were developing because FOREST UTILITIES refused to maintain and purchase required equipment.

34. MOSER instructed Plaintiff to engage in conduct that would jeopardize Plaintiff's Wastewater Operator Class C License, including placing tap water into the samples in order to pass inspections.

35. In or around March 27, 2019, MOSER became upset with Plaintiff over his decision to have the essential Sewerage System equipment fixed. MOSER stated to Plaintiff, "YOU'RE A STUPID MOTHERFUCKER, YOU'RE FIRED, GET THE FUCK OUTTA HERE NIGGER".

36. Plaintiff went to SWOR to inform him once more of the racially discriminatory statements that MOSER had made to Plaintiff, and about being fired by MOSER for no reason, and being referred to as a "NIGGER."

37. SWOR told Plaintiff to take the rest of the week off.

38. On or about April 1, 2019, SWOR informed Plaintiff that his employment at FOREST UTILTITIES was terminated.

39. SWOR knew or had reason to know that MOSER had continuously engaged in a practice of racial discrimination against Plaintiff in relation to his employment at FOREST UTILITIES.

40. SWOR refused to investigate nor take any remedial action, despite multiple complaints by Plaintiff, because of Plaintiff's race.

41. SWOR chose to retain MOSER as an employee of FOREST UTILITIES and fire Plaintiff on account of Plaintiff's race.

42. At all material times, Caucasian employees and non-African Americans were not subjected to such discriminatory conduct by the Defendant.

43. Defendant discriminated against, and terminated Plaintiff on the basis of Plaintiff's race, and color, and because Plaintiff complained of and opposed Defendant's unlawful conduct.

44. The above are just some examples of the unlawful discrimination and retaliation to which the Defendant have subjected Plaintiff.

45. The Defendant discriminated against Plaintiff as it related to the terms and conditions of his employment because of Plaintiff's race, and color characteristics.

46. The Defendant retaliated against Plaintiff because he complained, reported or otherwise opposed Defendant's illegal conduct.

47. The Defendant subjected Plaintiff to a hostile work environment based on Plaintiff's race, and color characteristics.

48. Plaintiff claims a continuous practice of discrimination and make all claims herein under the continuing violations doctrine.

49. As a result of Defendant's unlawful and discriminatory actions, Plaintiff has endured humiliation resulting in severe emotional distress, severe depression, extreme anxiety, and accompanying physical ailments.

50. As a result of Defendant's unlawful and discriminatory actions, Plaintiff has endured financial hardships and irreparable damage to Plaintiff's professional reputation.

51. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

52. As Defendant actions were malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendant.

53. Plaintiff claims alternatively (in the event Defendant claim or the Court determines) that Plaintiff is an Independent Contractor; Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors.

## COUNT I: DISCRIMINATION UNDER 42 U.S. CODE § 1981
## (AGAINST ALL DEFENDANTS)

54. Plaintiff incorporates by reference each and every allegation made in the above paragraphs 1 through 53, as though fully set forth herein.

55. 42 U.S. Code § 1981 - Equal rights under the law states provides:

    (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

56. Defendant engaged in unlawful employment practices that violated 42 U.S.C §1981, by discriminating against Plaintiff on account of Plaintiff being of the African American race.

57. Defendant violated Section 1981 by intentionally discriminating against Plaintiff in a serious tangible way with respect to compensation, terms, conditions or privileges of his employment.

58. Plaintiff's race characteristics were a determinative or motivating factor in Defendant's employment actions.

59. The Defendant cannot show any legitimate non-discriminatory reason for the statements made to Plaintiff, their employment practices and any reasons proffered by the Defendant for their actions against Plaintiff are pretextual and can readily be disbelieved.

60. Plaintiff's protected status played a motivating part in the Defendant's decisions even if other factors may also have motivated Defendant's actions against Plaintiff.

61. Defendant's harassment and highly offensive conduct and statements to Plaintiff on account of Plaintiff's race adversely affected the terms, conditions, and privileges of Plaintiff's employment.

62. Defendant's conduct was adequately severe and pervasive so as to alter the work environment and create an abusive and hostile work environment for Plaintiff.

63. Defendant acted upon a continuing course of conduct.

64. Defendant constantly enforced a purposefully discriminatory pattern and practice of depriving Plaintiff, an African American individual, of the equal rights afforded to him, in violation of 42 U.S.C. §1981.

65. Defendant violated Section 1981, and Plaintiff suffered numerous damages as a result.

66. Plaintiff makes its claim against Defendant under all of the applicable paragraphs of 42 U.S. Code § 1981.

67. As a result of Defendant's violation of Section 1981, Plaintiff has been denied the enjoyment of all benefits, privileges, terms, and conditions of Plaintiff's contractual relationship which provided substantial compensation and benefits to the Plaintiff.

68. As alleged above, Defendant acted with malice or reckless indifference to the rights of the Plaintiff, thereby entitling Plaintiff to an award of punitive damages.

69. As a result of Defendant's violations of Section 1981, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

**WHEREFORE**, Plaintiff demands judgment against Defendant and pray for the following relief: (1) actual damages; (2) compensatory damages in an amount consistent with Section 1981; (3) reasonable attorneys' fees in accordance with Section 1981; (4) litigation costs in accordance with Section 1981; (5) pre- and post-judgment interest as further allowed by law; (6) an adjudication and declaration that Defendant's conduct as set forth herein is in violation of Section 1981; (7) punitive damages in accordance with Section 1981; (8) back pay and front pay in accordance with Section 1981 (9) all additional general and equitable relief to which Plaintiff is entitled.

## COUNT II: § 1981 RETALIATION
## (AGAINST ALL DEFENDANTS)

70. Plaintiff incorporates by reference each and every allegation made in the above paragraphs 1 through 69, as though fully set forth herein.

71. Plaintiff, as an African American man, was discriminated against by the Defendant in relation to his employment because of his race, in violation Section 1981.

72. Plaintiff engaged in protected activity by making several complaints to the Defendant and opposing Defendant's unlawful actions.

73. Plaintiff was subjected to materially adverse actions by the Defendant, at the time or within a relatively short time after the protected conduct took place.

74. There was a causal connection between the Defendant's materially adverse actions and Plaintiff's protected activity.

75. The Defendant's actions were "materially adverse" because they were serious enough to discourage a reasonable worker from engaging in protected activity.

76. As a result of the Defendant's violations of Section 1981, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

**WHEREFORE**, Plaintiff demands judgment against Defendant and pray for the following relief: (1) actual damages; (2) compensatory damages in an amount consistent with Section 1981; (3) reasonable attorneys' fees in accordance with Section 1981; (4) litigation costs in accordance with Section 1981; (5) pre- and post-judgment interest as further allowed by law; (6) an adjudication and declaration that Defendant's conduct as set forth herein is in violation of Section 1981; (7) punitive damages in accordance with Section 1981; (8) back pay and front pay

in accordance with Section 1981 (9) all additional general and equitable relief to which Plaintiff is entitled.

### COUNT III: § 1981 HOSTILE WORK ENVIRONMENT
### (AGAINST ALL DEFENDANTS)

77. Plaintiff incorporates by reference each and every allegation made in the above paragraphs 1 through 76, as though fully set forth herein.

78. Defendant subjected Plaintiff to harassment motivated by Plaintiff's racial characteristics as an African-American man.

79. Defendant's conduct was not welcomed by Plaintiff.

80. Defendant's conduct was so severe and/or pervasive that a reasonable person in Plaintiff's position would find the work environment to be hostile or abusive.

81. As a result of Defendant's conduct, Plaintiff genuinely believed his work environment was hostile or abusive.

82. As a result of the hostile work environment, Plaintiff suffered a "tangible employment action" defined as a significant change in employment status, failure to promote, reassignment with significantly different responsibilities, and/or a decision causing a significant change in benefits.

83. Defendant failed to exercise reasonable care to prevent racial harassment in the workplace by failing to establish an explicit policy against harassment in the workplace on the basis of race, failing to fully communicate the policy to its employees, and/ or failing to provide a reasonable way for Plaintiffs to make a claim of harassment to higher management, and failing to take reasonable steps to promptly correct the harassing behavior raised by Plaintiff.

84. Defendant acted upon a continuing course of conduct.

85. As a result of Defendant's violations of Section 1981, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

**WHEREFORE**, Plaintiff demands judgment against Defendant and pray for the following relief: (1) actual damages; (2) compensatory damages in an amount consistent with Section 1981; (3) reasonable attorneys' fees in accordance with Section 1981; (4) litigation costs in accordance with Section 1981; (5) pre- and post-judgment interest as further allowed by law; (6) an adjudication and declaration that Defendant's conduct as set forth herein is in violation of Section 1981; (7) punitive damages in accordance with Section 1981; (8) back pay and front pay in accordance with Section 1981 (9) all additional general and equitable relief to which Plaintiff is entitled.

**COUNT IV:**
**DISCRIMINATION IN VIOLATION OF FL. STATUE § 760.10**
**(AGAINST ALL DEFENDANTS)**

86. Plaintiff incorporates by reference each and every allegation made in the above paragraphs 1 through 85, as though fully set forth herein.

87. Florida Statute Section 760.10(1)(a) provides that:

> It is an unlawful employment practice for an employer:
>
> > To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status.

88. Plaintiff, an African American man was subjected to disparate treatment by the defendant on account of his race, including terminating his employment.

89. The Defendant subjected Plaintiff to racial discrimination, hostile work environment, retaliation, and unlawful termination on account of his race.

90. The Defendant violated Section 760.10 by intentionally discriminating against Plaintiff in a serious tangible way with respect to compensation, terms, conditions or privileges of his employment on account of his race.

91. Plaintiff's race characteristics were a determinative or motivating factor in Defendant's employment actions.

92. As a result of the Defendant's violations of Section 760.10, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

**WHEREFORE**, Plaintiff demands judgment against Defendant, and pray for the following relief: (1) an award of compensatory damages; (2) an award of reasonable attorneys' fees and costs of this action; (3) an award of pre- and post-judgment interest and court costs as further allowed by law; (4) an adjudication and declaration that the Defendant's conduct as set forth herein is in violation of Section 760.10; and (5) all additional general and equitable relief to which Plaintiff is entitled.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues raised by this complaint.

Dated: Miami, Florida
October 25, 2019

                                              Respectfully submitted,

                                    **DEREK SMITH LAW GROUP, PLLC**

                                          By:  /s/ Tiffani-Ruth Brooks
                                                 Tiffani-Ruth I. Brooks
                                                 Fla. Bar No. 1010664
                                                 Derek T. Smith Law Group, PLLC
                                                 701 Brickell Avenue, Suite 1310
                                                 Miami, FL 33131
                                                 Tel: (305) 946-1884
                                                 tiffani@dereksmithlaw.com